# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DORIAN DANIEL,

    Petitioner,

vs.

ROBERT LEGRAND, *et al.,*

    Respondents.

3:11-cv-00912-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss (ECF #15). Petitioner has opposed the motion (ECF #17), and respondents have replied (ECF #22).

As a preliminary matter, petitioner has also filed a second motion for appointment of counsel (ECF #19). As the court stated before, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993) (*see* ECF #9). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). As the court previously determined, the petition and other papers on file in this action appear sufficiently clear in presenting the issues that petitioner wishes to raise. Petitioner's motion is denied.

## I. Procedural History and Background

On August 9, 2005, an Eighth Judicial District state court filed the judgment of conviction and sentenced petitioner to two consecutive terms of ten (10) to twenty-five (25) years in the Nevada Department of Corrections for two counts of second degree murder (ex. 1).[1]

On June 5, 2008, petitioner filed a state petition for writ of habeas corpus in the Eighth Judicial District Court (ex. 2). There, petitioner alleged that he should have expired from his first sentence and started serving his second sentence based upon a communication from the Nevada Department of Corrections ("NDOC") documenting the credits he had earned (*id.*).

After reviewing the briefing, including a history reflecting the application of credits to petitioner's sentence submitted by respondents, the state district court entered an order finding that petitioner had not expired his first sentence and denying the petition (ex. 5).

On November 13, 2009, petitioner filed another state habeas petition, this one in the Sixth Judicial District, again alleging that NDOC was improperly calculating his credits (ex. 6). He filed a supplement to his petition on May 12, 2010 (ex. 7). In their response to the petition, respondents argued that petitioner was barred by the doctrine of claim preclusion and also that his claim failed on the merits (ex. 8). The state district court denied the petition on the merits on June 27, 2010 (ex. 10).

On November 27, 2011, the Nevada Supreme Court affirmed the district court (ex. 12). Addressing the merits of the claim, the court stated:

> Appellant asserted that the prison had not correctly applied his credits and that he should have expired serving his two consecutive terms of ten to twenty-five years. Appellant failed to demonstrate that he was entitled to additional credits or that any errors in computing his credits worked to his detriment

(*id.*). Remittitur issued December 15, 2011 (ex. 13).

On December 21, 2011, petitioner mailed this federal habeas petition for filing (ECF #6). Petitioner once again claims that NDOC is improperly calculating his sentence credits (*id.*).

//
//

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF #15) and may be found at ECF #s15-1 through 15-14.

Respondents move to dismiss the petition (ECF #15). They argue that although petitioner uses the phrase "due process," his petition presents no federal question. They assert that petitioner seeks to have this court review the application of state law–NRS 209.4465–to his sentence (*id.*).

**II.     Petition Presents No Federal Claim**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. It does not provide a remedy for alleged errors in the interpretation or application of state law. *Id.*

In this case, petitioner argues that the NDOC is improperly calculating his sentence, including credit for time served, good-time credit and work credit (ECF #s 6, 17). This alleged failure, however, is at most an error of state law. The writ of habeas corpus is not available to correct simple errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.1994). To justify relief, petitioner must establish a violation of his federal rights, which he has not done.

A state court's misapplication of its own sentencing laws does not violate due process thereby justifying federal habeas relief unless the petitioner can show "fundamental unfairness." *Christian*, 41 F.3d at 469. In this case, petitioner has not even demonstrated that the state court has misapplied its own sentencing laws. Petitioner presents his own calculation and argues that "no state court has found [this calculation] to be wrong as a matter of law, fact, or mathematics, and no one has ever submitted a different detailed and verified calculation . . . ." (ECF #17 at 1). Petitioner's claims are belied by the state-court record. First, petitioner's calculation incorrectly assumes that he is automatically awarded statutory good time and work credits without serving any actual time. However, statutory good time and work credits are not awarded until the actual time is served, and work credits are not awarded unless an inmate has prison employment. NRS 209.4465. Second, respondents presented a detailed calculation of petitioner's sentence and credits in response to both of his state postconviction petitions (*see* ex.'s 4, 8). As it does not appear that petitioner can demonstrate that any misapplication of state law has occurred, he cannot demonstrate that any such misapplication is fundamentally unfair. *Christian*, 41 F.3d at 469. Accordingly, as petitioner does not assert a federally cognizable claim, respondents' motion

to dismiss the petition is granted.

Petitioner has also filed a motion for order directing respondents to provide court with prison sentence calculation (ECF #18). This motion is denied as moot.

## III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF #15) is **GRANTED**. The petition is **DISMISSED** with prejudice for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that petitioner's motion for order directing respondents to provide court with prison sentence calculation (ECF #18) and his motion for appointment of counsel (ECF #19) are both **DENIED**.

//

//

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

DATED this 30th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE